CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
KW
JAN 0 4 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BILLY LEE WEBB, ) | |
| Petitioner, ) | Civil Action No. 7:05CV00654 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DIRECTOR, VIRGINIA DEPARTMENT ) | By: Hon. Jackson L. Kiser |
| OF CORRECTIONS, ) | Senior United States District Judge |
| Respondent. ) | |

Billy Lee Webb, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Boyd challenges the validity of his convictions in the Circuit Court for the City of Danville. The respondent has filed a motion to dismiss to which Webb has responded, making the petition ripe for consideration. For the following reasons, I will grant the respondent's motion to dismiss.

### BACKGROUND

On March 11, 2002, a jury found Webb guilty of eluding police and driving a motor vehicle after having been adjudicated an habitual offender. On April 29, 2002, Webb was sentenced to a total term of imprisonment of ten years.

Webb appealed his convictions to the Court of Appeals of Virginia. On October 2, 2002, Webb's petition for appeal was dismissed as untimely. Webb then filed a petition for writ of habeas corpus in the Circuit Court for the City of Danville, in which he alleged that he was denied the right to appeal his convictions. On November 25, 2002, the Circuit Court granted habeas relief, and Webb subsequently filed a second petition for appeal in the Court of Appeals of Virginia. On May 8, 2003, the petition for appeal was denied. That decision was adopted by a three-judge panel of the Court of Appeals on November 10, 2003. Webb then filed a petition for appeal in the Supreme Court of Virginia. On May 26, 2004, the petition for appeal was refused.

On March 8, 2005, Webb filed a petition for writ of habeas corpus in the Supreme Court of Virginia, in which he raised the following claims:

Claim I

    A. Webb was denied effective assistance of counsel because his trial counsel inappropriately accepted and delivered legal papers relating to the adoption of Webb's child, which led Webb to waive his right to counsel and represent himself at trial.

    B. Webb was denied effective assistance of counsel because his trial counsel failed to investigate or advise him regarding prior uncounseled convictions.

    C. Webb was denied effective assistance of counsel because his trial counsel did not seek a continuance to allow Webb to reconsider representing himself at trial.

    D. Webb was denied effective assistance of counsel because his trial counsel told Webb not to ask for a continuance.

    E. Webb was denied effective assistance of counsel because his trial counsel failed to protect his right to counsel.

    F. Webb was denied effective assistance of counsel because his trial counsel did not release Webb's files prior to trial.

Claim II

    G. Webb was denied the right to counsel because of his trial counsel's ineffectiveness.

    H. The trial court allowed Webb to represent himself, and his waiver of counsel was not voluntary.

    I. The trial court prevented Webb from seeking counsel after he had waived counsel.

    J. The trial court did not allow Webb to effectively represent himself, because the court allowed Webb to make his closing argument even though he was upset after learning that his mother had suffered a stroke.

### Claim III

K. The trial court was biased against Webb and did not reduce the sentence that the jury imposed.

### Claim IV

L. Webb was denied the right to an impartial jury, because the jury was denied information found in the presentence report.

M. The trial court erred by admitting evidence regarding Webb's habitual offender status and his prior convictions.

### Claim V

N. Webb's appellate counsel was ineffective for failing to investigate, prepare, and present evidence concerning Webb's prior convictions and habitual offender status.

O. Webb's appellate counsel was ineffective for failing to counsel Webb about his "questionable uncounseled convictions."

P. Webb's appellate counsel was ineffective for failing to prepare and present evidence that the trial court improperly instructed Webb about the "finality" of his waiver of counsel.

Q. Webb's appellate counsel was ineffective for failing to investigate, prepare, and present available evidence concerning jury bias.

R. Webb's appellate counsel was ineffective for failing to prepare and present evidence that the trial court arbitrarily sentenced Webb.

The Supreme Court subsequently allowed Webb to amend his petition to include an additional claim. In his additional claim, Webb alleged that the attorney who filed his first habeas petition was ineffective for only raising the claim that he was denied the right to appeal his convictions. The Supreme Court dismissed Webb's petition on August 16, 2005. On September 23, 2005, Webb's petition for rehearing was denied.

Webb has now filed this petition under § 2254, in which he asserts the following claims[1]:

A. The Supreme Court of Virginia erred in failing to reverse the trial court's judgments, notwithstanding the petitioner's showing that his right to effective assistance of counsel at trial was violated. (Claims I (A) - (F) in his state petition).

B. The Supreme Court of Virginia erred in failing to reverse the trial court's judgments, notwithstanding the petitioner's showing that his right to counsel was violated. (Claims II (G) - (J) in his state petition).

C. The Supreme Court of Virginia erred in failing to reverse the trial court's judgments, notwithstanding the petitioner's showing that his right to an impartial and disinterested tribunal was violated. (Claims III (K) and IV (L) in his state petition).

D. The Supreme Court of Virginia erred in failing to reverse the trial court's judgments, notwithstanding the petitioner's showing that his right to assistance of appellate counsel was violated. (Claims V(N) - (R) in his state petition).

On November 29, 2005, the respondent moved to dismiss the petition. Since the petitioner has now responded to the motion, the petition is ripe for review.[2]

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2254(b), a petitioner challenging a state court conviction must first exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. See Preiser v. Rodriguez, 411 U.S. 475 (1973). When a claim has been adjudicated on the merits by a state court, this court may grant habeas relief only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly

---

[1] The petitioner has styled his federal claims differently than the claims in his state petition. However, the facts cited in support of each claim appear to be nearly the same facts alleged as separate claims in his state petition.

[2] The petitioner filed a response to the respondent's motion on December 19, 2005. That same day, the petitioner filed a motion to amend his grounds for relief. Because the petitioner's proposed amendments merely restate the headings of his present claims and have no effect on the adjudication of his petition, I will deny the motion to amend.

4

established [f]ederal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The United States Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (internal citations omitted). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

## DISCUSSION

### A. Claims A, B, and C

Webb previously raised these claims in his second state habeas petition. The Supreme Court of Virginia held that the claims were procedurally barred pursuant to Virginia Code § 8.01-654(B)(2), because Webb failed to raise them in his first habeas petition.[3] The United States Court of Appeals for the Fourth Circuit has repeatedly held that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state ground for the denial of habeas relief. See Mackall v. Angelone, 131 F.3d 442, 445 (4th Cir. 1997); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996). Therefore, claims A, B, and C may not be reviewed by this court absent cause and prejudice or a miscarriage of justice to excuse the procedural default. Mackall, 131 F.3d at 445.

Webb first maintains that cause and prejudice exist to excuse the procedural default because the attorney who filed his first state habeas petition was ineffective for only raising the claim that Webb was denied the right of appeal. However, I agree with the respondent that this argument is

---

[3] Section 8.01-654(B)(2) provides, in pertinent part, that "[n]o writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."

Case 7:05-cv-00654-JLK-mfu Document 16 Filed 01/04/06 Page 5 of 8 Pageid#: 356

without merit. When attorney error amounts to constitutionally ineffective assistance of counsel, it may provide the cause necessary to excuse a procedural default. Id. at 446 (citing Coleman v. Thompson, 501 U.S. 722, 752 (1991)). Yet, in order to constitute constitutionally ineffective assistance, "a constitutional right to effective assistance of counsel must first exist." Id. The United States Supreme Court has held that "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U.S. at 752. As a result, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." Id. Because Webb had no right to effective assistance of counsel when he filed his first state habeas petition, he cannot demonstrate cause to excuse the procedural default. Mackall, 131 F.3d at 449.

Webb also argues that the procedural default should be excused because he was unaware of the procedural requirements for habeas petitions at the time his first state petition was filed. This argument is also without merit. It is well established that a petitioner's unfamiliarity with the law does not constitute an adequate ground to excuse his procedural default. See Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004); Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Holloway v. Smith, 1996 U.S. App. LEXIS 6641 at * 2 (4th Cir. 1996) (unpublished); Steele v. Young, 11 F.3d 1518, 1522 (10th Cir.1993); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

As a final argument, Webb contends that the procedural default should be excused on the basis of his actual innocence. In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, "a petitioner must offer 'new reliable evidence . . . that was not presented at trial,'" and the "'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). In this case, the

6

only new evidence that Webb refers to is a memo that his trial attorney received from the attorney's investigator. Based on the memo, Webb asserts that the investigator would have been an effective impeachment witness at trial, because his testimony would have contradicted the testimony of one of the prosecution's witnesses. Having reviewed the record, I am unable to conclude that this "new evidence" is sufficient to excuse the procedural default. Accordingly, claims A, B, and C must be dismissed.

B.  Claim D

The essence of Webb's final claim is that his appellate counsel was ineffective. A criminal defendant's right to effective assistance of counsel is protected by the Sixth Amendment to the United States Constitution. In Strickland v. Washington, 466 U.S. 668, 669 (1984), the United States Supreme Court set forth a two-prong test for evaluating ineffective assistance claims. The defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688.

Webb specifically argues that his appellate counsel was ineffective for failing to investigate evidence that would have revealed that his first habitual offender conviction was constitutionally infirm. Upon reviewing this claim as part of the state habeas proceedings, the Supreme Court of Virginia concluded that Webb failed to meet either prong of the Strickland test. The Supreme Court noted that Webb's appellate counsel had no duty to investigate or develop additional evidence, because he was bound by the record developed at trial. Bissell v. Commonwealth, 199 Va. 397, 400, 100 S.E.2d 1, 3 (Va. 1957). The court also noted that to the extent Webb was alleging that his appellate counsel should have raised the issue on appeal, the issue was barred because it was not preserved at trial. See Va. Sup. Ct. R. 5A:18.

7

I agree with the respondent that the Supreme Court's decision is not contrary to clearly established federal law. Appellate counsel is not obligated to assert every conceivable issue on appeal. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). Instead, selecting issues for appeal is a matter of strategy. Id. Therefore, when applying the Strickland test to claims of ineffective assistance of appellate counsel, reviewing courts must afford appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Having reviewed the record, I am unable to conclude that Webb's appellate counsel acted unreasonably in his selection of issues to appeal. Moreover, Webb has failed to show that his appellate counsel's failure to investigate or appeal certain issues prejudiced his defense. While Webb speculates that a different outcome would have resulted if his appellate counsel had performed "a reasonable investigation," Webb's speculation is insufficient to satisfy the Strickland test. See Beck v. Angelone, 173 F. Supp. 2d 461, 475 (E.D. Va. 2000) ("To demonstrate prejudice, a petitioner cannot merely speculate that his attorney's error had 'some conceivable effect' on the outcome of the case; rather, the petitioner must affirmatively prove the outcome of the case would have been different but for counsel's deficient performance.") (quoting Strickland, 466 U.S. at 693). Therefore, Webb's final claim must be dismissed.

## CONCLUSION

For the reasons stated, I will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 4th day of January, 2006.

*[signature]*
Senior United States District Judge

8

Case 7:05-cv-00654-JLK-mfu  Document 16  Filed 01/04/06  Page 8 of 8  Pageid#: 359