CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 20 2006
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BILLY LEE WEBB,<br>    Petitioner, | Civil Action No. 7:05CV00654 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR, VIRGINIA DEPARTMENT<br>OF CORRECTIONS,<br>    Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

This case is before the court on the petitioner's motion to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, the petitioner's motion will be denied.

## BACKGROUND

On March 11, 2002, a jury in the Circuit Court for the City of Danville found the petitioner guilty of eluding police and driving a motor vehicle after having been adjudicated an habitual offender, second offense. The petitioner appealed his convictions to the Court of Appeals of Virginia. On October 2, 2002, the petition for appeal was dismissed as untimely. The petitioner then filed a petition for writ of habeas corpus in the Circuit Court for the City of Danville, in which he alleged that he was denied the right to appeal his convictions. On November 25, 2002, the Circuit Court granted habeas relief. The petitioner subsequently filed a second petition for appeal in the Court of Appeals of Virginia. On May 8, 2003, the petition for appeal was denied. That decision was adopted by a three-judge panel of the Court of Appeals on November 10, 2003. On May 26, 2004, the Supreme Court of Virginia refused his petition for appeal. The petitioner then filed a petition for writ of habeas corpus in the Supreme Court of Virginia. The Supreme Court dismissed Webb's petition on August 16, 2005. On October 24,

2005, the petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] By opinion and order entered January 4, 2006, the petition was dismissed. The petitioner has now filed a motion to alter or amend judgment under Rule 59(e).

## DISCUSSION

Although Rule 59(e) does not articulate the grounds upon which a district court may alter or amend judgment, the United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending a prior judgment under this rule: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Insurance Co. v. American National Fire Insurance Co., 148 F.3d 396, 403 (4th Cir. 1998). The petitioner bases the present motion on the third ground.

1.  Claims A, B, and C

The petitioner previously raised these claims in his second state habeas petition. The Supreme Court of Virginia held that the claims were procedurally defaulted pursuant to Virginia Code § 8.01-654(B)(2), because the petitioner failed to raise them in his first habeas petition.

---

[1] The petition raised the following claims:

A.  The Supreme Court of Virginia erred in failing to reverse the trial court's judgments, notwithstanding the petitioner's showing that his right to effective assistance of counsel at trial was violated.

B.  The Supreme Court of Virginia erred in failing to reverse the trial court's judgments, notwithstanding the petitioner's showing that his right to counsel was violated.

C.  The Supreme Court of Virginia erred in failing to reverse the trial court's judgments, notwithstanding the petitioner's showing that his right to an impartial and disinterested tribunal was violated.

D.  The Supreme Court of Virginia erred in failing to reverse the trial court's judgments, notwithstanding the petitioner's showing that his right to assistance of appellate counsel was violated.

2

Since the rule set forth in Virginia Code § 8.01-654(B)(2) constitutes an adequate and independent state ground for the denial of habeas relief, Mackall v. Angelone, 131 F.3d 442, 445 (4th Cir. 1997), I concluded that claims A, B, and C were procedurally barred absent a showing of cause and prejudice or a miscarriage of justice. See Id. Upon determining that the petitioner failed to make either showing, I dismissed claims A, B, and C.

The petitioner now claims that I improperly ruled on the procedural default issue. To support this claim, the petitioner first argues that I should have concluded that the Supreme Court of Virginia erred in finding that claims A, B, and C were procedurally defaulted under Virginia Code § 8.01-654(B)(2), because his first state habeas petition was used solely to obtain the right file a delayed appeal. However, when a state court's finding of procedural default is based on an adequate and independent state ground, that finding may not be reviewed by this court. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998). This court can consider only whether cause and prejudice or a miscarriage of justice exist to excuse the procedural default, "not whether the state court correctly applied its own law." Id.

The petitioner also argues that I erred in determining that the procedural default could not be excused on the basis that his appellate attorney was ineffective for only raising the claim that the petitioner was denied the right of appeal in the first state habeas petition, without including any other claims. I concluded that because the petitioner had no right to effective assistance of counsel when he filed his first habeas petition, Coleman v. Thompson, 501 U.S. 722, 752 (1991), he could not demonstrate cause to excuse the procedural default. The petitioner now emphasizes that "he has not claimed ineffective habeas counsel, but ineffective initial direct appeal counsel, who happens to be the same counsel for petitioner's initial appeal, first state habeas, and belated appeal." However, the bottom line is that the Supreme Court of Virginia concluded that certain

3

claims were procedurally defaulted, because the petitioner failed to raise them in his first state habeas petition. When that petition was filed, the petitioner had no right to effective assistance of counsel. Because the petitioner had no right to effective assistance of counsel, he cannot demonstrate cause to excuse the procedural default. See Mackall, 131 F.3d at 446, 449.

As a final argument, the petitioner contends that I erred in concluding that his actual innocence claim was insufficient to excuse the procedural default. I explained that in order to use an actual innocence claim as a gateway to assert an otherwise defaulted claim, "a petitioner must offer 'new reliable evidence...that was not presented at trial,'" and "'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). I noted that the only "new evidence" referred to by the petitioner was a memo from his original attorney's investigator, which suggested that the investigator could have served as an impeachment witness at trial. I concluded that the memo was insufficient evidence to excuse the procedural default under Royal. The petitioner now contends that I failed to consider his argument that unconstitutional evidence was used to convict him of the charge of driving a motor vehicle after having been adjudicated an habitual offender, second offense. Specifically, the petitioner contends that his prior convictions, which were relied on to support his instant conviction, were constitutionally invalid, because the prior convictions were "uncounseled." However, the petitioner's argument regarding the validity of his prior convictions does not qualify as new evidence of actual innocence sufficient to excuse his procedural default. See United States ex rel. Bell v. Pierson, 267 F.3d 544, 554 at n.3 (7th Cir. 2001) ("The allegedly new evidence of failure by Bell's counsel to properly cross-examine witnesses or make all of the available legal arguments does not qualify as new evidence of

4

'actual innocence' sufficient for Bell to have his constitutional claim considered in the context of a procedural default."). For these reasons, I remain convinced that claims A, B, and C were properly dismissed.

2. Claim D

In claim D, the petitioner alleged that his appellate counsel was ineffective for failing to investigate or appeal certain issues. The petitioner raised the same allegations as part of the state habeas proceedings. The Supreme Court of Virginia determined that the petitioner failed to satisfy either prong of the test for ineffective assistance set forth in Strickland v. Washington, 466 U.S. 668, 669 (1984). Upon reviewing the record, I concluded that the Supreme Court's decision did not involve an unreasonable application of clearly established federal law.

The petitioner now contends that I improperly applied the Strickland test. However, this argument is without merit. I explained that in order establish a claim for ineffective assistance under Strickland, a criminal defendant must show that his counsel's performance fell "below an objective standard of reasonableness," and that the "deficient performance" must have "prejudiced the defense." Id. at 687-688; see also Lovitt v. True, 403 F.3d 171, 178-179 (4th Cir. 2005) ("The now familiar Strickland test requires a two-part showing: (1) counsel's performance must have fallen 'below an objective standard of reasonableness,' and (2) that 'deficient performance' must have 'prejudiced the defense.'"). As the petitioner emphasizes in his present motion, the prejudice prong "generally requires the defendant to demonstrate by a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." Frazer v. South Carolina, 430 F.3d 696, 703 (4th Cir. 2005).

Having reviewed the record, I remain convinced that the petitioner failed to satisfy the Strickland test, and that the Supreme Court's decision did not involve an unreasonable

5

application of clearly established federal law. When applying the Strickland test to claims of ineffective assistance of counsel on appeal, reviewing courts must accord appellate attorneys the "presumption that [they] decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). In this case, the petitioner has simply failed to show that his appellate counsel's selection of issues was deficient. Moreover, the petitioner has failed to show that there is a reasonable probability that, but for the alleged errors by his appellate counsel, the result of his direct appeal would have been different. Therefore, I conclude that the petitioner is not entitled to relief under Rule 59(e).

## CONCLUSION

For the reasons stated, I will deny the petitioner's motion. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and all counsel of record.

ENTER: This 20th day of March, 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge